Shah Peerally (CA Bar No: 230818)
Erich Keefe (CA Bar No: 226746)
LAW OFFICES OF SHAH PEERALLY
4510 Peralta Blvd, Suite 23
Fremont, CA 94536
Telephone: (510) 742 5887
Fax: (510) 742 5877

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO, CALIFORNIA

_____

| | |
|---|---|
| Nagraj Chakravarty )<br>)<br>　　Plaintiff, )<br>)<br>vs. )<br>)<br>Peter Keisler, Acting Attorney General of the )<br>United States; Michael Chertoff, Secretary of the )<br>Department of Homeland Security; Emilio )<br>Gonzalez, Director of United States Citizenship & )<br>Immigration Services; Robert S. Mueller, III, )<br>Christina Poulos, Director of the California Service )<br>Center; Robin Barrett, USCIS District Director, )<br>et al; )<br>　　Defendants )<br>_____) | Case No.<br><br>COMPLAINT FOR MANDAMUS<br>TO COMPEL DEFENDANTS<br>TO COMPLETE ADJUDICATION<br>OF ADJUSTMENT OF STATUS<br>APPLICATION<br><br>A 097586554<br>MSC-06-343-16463 |

## PLAINTIFF'S ORIGINAL COMPLAINT
## FOR WRIT IN THE NATURE OF
## MANDAMUS

　　COME NOW Nagraj Chakravarty, Plaintiff in the above-styled and numbered cause, and for

cause of action would show unto the Court to following:

1.　　This action is brought against the Defendants to compel action on an application for

　　　classification for lawful permanent resident status properly filed by the Plaintiff. The

　　　application was filed and remains within the jurisdiction of the Defendants, who have

improperly withheld action on said application to Plaintiff's detriment.

## PARTIES

2. Plaintiff, Nagraj Chakravarty is a 36 year old native and citizen of India. He married Elitsa Todorova Angelova, a United States citizen on August 12, 2004. Elitsa Todorova Angelova and Nagraj Chakravarty submitted forms I-130, I-485, I-765, and I-131 to the United States Citizenship and Immigration Services (USCIS) San Francisco office on September 12, 2006. Plaintiff received a "Request for applicant to appear for initial interview" scheduled for November 21, 2006. Plaintiff subsequently received a November 8, 2006 letter from David Still, USCIS District Director, instructing him to "disregard the appointment notice" that plaintiff had received. That letter went on to state that plaintiff would receive further instructions within two months. To date, no further instructions have been received.

3. Defendant, Peter Keisler, is Acting Attorney General of the United States, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Justice. 8 U.S.C. §1103(a). More specifically, the Acting Attorney General is responsible for the adjudication of applications for adjustment of status filed pursuant to §245 of the Immigration and Nationality Act (INA), 8 U.S.C. §1255. The United States Citizenship and Immigration Service is an agency within the Department of Justice to whom the Acting Attorney General's authority has in part been delegated, and is subject to the Acting Attorney General's supervision.

4. Defendant, Michael Chertoff, is Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. He is charged with supervisory authority over all operations within the Department of Homeland Security. The United States Citizenship and Immigration Service is an agency within the Department of Homeland Security to whom the Secretary of Homeland Security's authority has in part been delegated,

and is subject to his supervision.

5. Defendant, Emilio Gonzalez, is Director of USCIS, and this action is brought against him in his official capacity. He is charged with supervisory authority over all operations of USCIS.

6. Defendant, Christina Poulos, is Director of the USCIS California Service Center, and this action is brought against her in her official capacity. She is charged with supervisory authority over all operations of the California Service Center.

7. Defendant, Robin Barrett, USCIS District Director is the official of the United States Citizenship and Immigration Service generally charged with supervisory authority over all operations of the USCIS within her District with certain specific exceptions not relevant here. This action is brought against her in her official capacity. 8 CFR §103.1(g) (2)(ii)(B). As will be shown, Defendant District Director is the official with whom Plaintiff's USCIS applications were properly filed.

8. Defendant, Robert S. Mueller, III, Director of the Federal Bureau of Investigations is charged with Supervisory Authority over all operations of the FBI. Defendant, Robert Mueller, III, is responsible for the completion of the security clearance in Plaintiff's case.

## JURISDICTION

9. Jurisdiction in this case is proper under 28 U.S.C. §§1331 and 1361, 5 U.S.C. §701 *et seq.*, and 28 U.S.C. §2201 *et seq.* Relief is requested pursuant to said statutes.

## VENUE

10. Venue is proper in this court, pursuant to 28 U.S.C. §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant resides and where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred. More specifically, Plaintiff's application for lawful permanent resident status was properly filed and, to Plaintiff's knowledge, remains pending with the San Francisco USCIS District Director.

## EXHAUSTION OF REMEDIES

11. Plaintiff has exhausted his administrative remedies. Plaintiff has made telephone and in-person inquiries concerning the status of his application to no avail. Defendants responded to the effect that the applications were waiting some kind of "name check" from the Federal Bureau of Investigation (FBI). There are no administrative remedies remaining for the Plaintiff to exhaust, because there is no administrative body to which he can appeal the refusal of the Defendants to perform their ministerial duties.

## CAUSE OF ACTION

12. After plaintiff's marriage, his wife petitioned the Defendant U.S.C.IS in September 2006 to classify her husband, as an "immediate relative" pursuant to INA §201(b)(2)(A)(i). Plaintiff simultaneously submitted an application for adjustment of status pursuant to INA § 245.

13. Plaintiff has not received any written notice of decision regarding the I-485 petition for adjustment of status to that of a lawful permanent resident.

14. All legal prerequisites having been satisfied. Plaintiff applied for adjustment of status to lawful permanent resident with the Defendant District Director on September 6, 2006. At the time of said filing, such applications were being adjudicated by the Defendant District Director in a period of between three and nine months.

15. Plaintiff's application for adjustment of status has now remained unadjudicated for more than one year.

16. Defendants have sufficient information to determine Plaintiff's eligibility pursuant to applicable requirements. To date, said application has not been adjudicated.

17. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in and have refused to adjudicate Plaintiff's application for over one year, thereby depriving him of the right to a

decision on his status and the peace of mind to which Plaintiff is entitled.

18. Plaintiff has been further damaged by being deprived of the status of lawful permanent resident during the interminable pendency of his application. Plaintiff seeks to integrate fully into American life, society and culture. Naturalization as an American citizen, with the rights and privileges inherent therein, depends upon prior permanent resident status for at least 3 years. INA § 319(a), 8 U.S.C. § 1430(a). Plaintiff is therefore being deprived of the right to accumulate the requisite time as a permanent resident before he is eligible to apply for naturalization, as a direct result of Defendants' failure to timely adjudicate his application to adjust status.

19. Plaintiff has been further damaged by the failure of Defendants to act in accord with their duties under the law.

   (a) Specifically, Nagraj Chakravarty would like to travel internationally. So long as his application for adjustment of status is pending, his travel is restricted by federal regulation which requires special permission to travel abroad ("advanced parole") during the pendency of such applications. 8 CFR §245.2(a)(4). Departure without the advanced parole would be deemed an abandonment of the permanent resident application. *Id.* This situation operates to the great inconvenience and harassment of Plaintiff.

   (b) Plaintiff has further been damaged in that his employment authorization is tied to his status as an applicant for permanent residency, and is limited to increments not to exceed one year. 8 CFR §274a.12(c)(9). Plaintiff has had to renew his employment authorization due to the delay in adjudication of this adjustment of status application.

20. The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. §701 *et seq.*, are unlawfully withholding or unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to

Plaintiff's case.

21. Plaintiff has made numerous status inquiries in an attempt to secure adjudication of his application, all to no avail. Accordingly, Plaintiff has been forced to retain the services of an attorney to pursue the instant action.

**PRAYER**

22. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

(a) requiring Defendants to adjudicate both Plaintiff's application for adjustment of status within 30 days;

(b) awarding Plaintiff's reasonable attorney's fees; and

(c) granting such other relief at law and in equity as justice may require.

Dated:                                   Respectfully submitted,

                                         _____
                                         Shah Peerally, Esq.
                                         Attorney for Plaintiffs


                                         _____
                                         Erich Keefe, Esq
                                         Attorney for Plaintiffs

**LIST OF EXHIBITS**

A   Notice of Receipt of I-485 dated 9/6/2006;

B   Adjustment of Status Interview Notice dated 9/28/2006 for interview on 11/21/2006;

C   Letter dated 11/8/2006 from David Still canceling the previously scheduled interview;

D   Receipt notice for I-130 petition dated 9/12/2006